**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

———————————————————

No. 23-13772

Non-Argument Calendar

———————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCUS ALBERT RAMBO,

*Defendant-Appellant.*

———————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20149-CMA-1

———————————————————

**ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES**

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

We previously affirmed Marcus Rambo's conviction for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), rejecting his arguments that § 922(g) is unconstitutional under the Commerce Clause and the Second Amendment. *United States v. Rambo*, No. 23-13772, 2024 WL 3534730, at *2 (11th Cir. July 25, 2024) (unpublished) (*Rambo I*), *vacated*, 145 S. Ct. 1163 (2025). We explained that Rambo's arguments were foreclosed by our decisions in *United States v. McAllister*, 77 F.3d 387 (11th Cir. 1996), *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), and *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) (*Dubois I*), *vacated*, 145 S. Ct. 1041 (2025), *and reinstated*, 139 F.4th 887 (11th Cir. 2025) (*Dubois II*). *Id.* at *1–*2.

Earlier this year, the Supreme Court granted Rambo's petition for a writ of certiorari, vacated our judgment, and remanded the case for further consideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Rambo v. United States*, 145 S. Ct. 1163 (2025). On remand, we again conclude that Rambo's arguments are foreclosed by our binding precedents and affirm his conviction and sentence.

The prior precedent rule requires us to follow our binding precedent unless and until it is overruled or abrogated by the Supreme Court or by this Court sitting en banc. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "To constitute an 'overruling' for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point," and it must "actually abrogate or directly conflict with, as opposed to merely

weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation omitted). And to do that, "the later Supreme Court decision must 'demolish' and 'eviscerate'" each of the prior precedent's "fundamental props." *Dubois II*, 139 F.4th at 893 (quotation omitted).

Our binding precedent holds that 18 U.S.C. § 922(g) does not violate the Commerce Clause. *McAllister*, 77 F.3d at 391. In *McAllister*, we held that the statute requires sufficient proof of a connection to interstate commerce to satisfy the Commerce Clause. *Id.* at 389-90. And the government proves a sufficient nexus to interstate commerce if it demonstrates—as Rambo concedes it did here—that the firearm was manufactured outside of the state where the offense took place. *United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010).

Our prior precedent also holds that the statutory disqualification of felons from possessing a firearm does not violate the Second Amendment. *Rozier*, 598 F.3d at 771. In *Rozier*, we relied on *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), which "recognized § 922(g)(1) as a presumptively lawful longstanding prohibition." *Id.* at 770–71 & n.6 (quotation omitted). More recently, in *Dubois II*, we reexamined *Rozier* and concluded that it remained binding in this Circuit after *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *Rahimi*. 139 F.4th at 888–89. We explained that "far from 'demolish[ing]' or 'eviscerat[ing]' *Rozier*'s reliance on *Heller*, *Bruen* repeatedly stated that its decision was faithful to *Heller*." *Id.* at 893 (quotation omitted). And *Rahimi*—which

did not even mention felons except to reiterate *Heller*'s conclusion that prohibitions "on the possession of firearms by 'felons and the mentally ill . . .' are 'presumptively lawful'"—likewise did not undermine *Rozier*'s reliance on *Heller*.  *Id*. at 893–94 (ellipsis in the original) (quoting *Rahimi*, 602 U.S. at 699).

We remain bound by our decisions in *McAllister*, *Rozier*, and *Dubois II*.  We therefore reject Rambo's constitutional challenges to § 922(g) and AFFIRM his conviction and sentence.

**AFFIRMED.**